## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

| | |
|---|---|
| **RUSSELL JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:** |
| ) | |
| **EL AGUILA, LLC, EL AGUILA** ) | |
| **MEXICAN RESTAURANT #2, INC.,** ) | |
| **AND PASCUAL VEGA,** ) | |
| ) | |
| **Defendants.** ) | |

## Complaint for Damages

Plaintiff Russell Johnson ("Plaintiff") files his Complaint for Damages against

the Defendant EL AGUILA, LLC, EL AGUILA MEXICAN RESTAURANT #2,

INC., and PASCUAL VEGA ("Defendants.")

Plaintiff is a disabled veteran who, along with his service dog, was denied

entry into the El Aguila Mexican Restaurant in McRae, Georgia, which was owned,

operated, and otherwise controlled by the Defendants.

## Jurisdiction

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to

28 U.S.C. § 1367 for pendent state law claims.

2.     This Court has subject matter jurisdiction of claims arising under Title III of the Americans with Disabilities Act 42 U.S.C. § 12182 which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.     This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5.     Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and all Defendants reside in this District.

## Parties

6.     Plaintiff is a natural person residing in Telfair County, Georgia.

7.     Plaintiff suffers from physical and mental disabilities.

8.     The United States federal government has determined Plaintiff is a disabled individual.

9.     Plaintiff is a disabled veteran who requires the use of a service dog.

10.     The Veteran's Administration assists Plaintiff with some of the costs of maintain his service dog.

11.     At all times relevant hereto, Plaintiff has had a service dog named "Bucky."

12.     Bucky was trained and placed with Plaintiff by America's VetDogs.

13.     At all times relevant hereto, Bucky appeared as he does below:



14.     Defendants all own, operate, manage, or otherwise control a Mexican restaurant in McRae, Georgia.

15.     With respect to the allegations contained herein, Defendants are all joint tort-feasors.

16.     Summons and Complaint may be served on Defendant El Aguila, LLC by service on its registered agent for service of process, Pascual Vega, at 174 East Oak Street, McRae, Georgia 31055 or wherever they may be found.

17.     Summons and Complaint may be served on Defendant El Aguila Mexican Restaurant #2, Inc. by service on its registered agent for service of process, Charles Weatherly, at 7370 Hodgson Memorial Drive E-8, Savannah, Georgia 31406, or wherever they may be found.

18.     Summons and Complaint may be served on Defendant Pascual Vega at 174 East Oak Street, McRae, Georgia 31055 or wherever he may be found.

## Facts Common to All Counts

19.     On June 6, 2018, Plaintiff and his spouse attempted to enter the El Aguila Mexican Restaurant owned, operated, managed, and controlled by Defendants in McRae, Georgia.

20.     Plaintiff suffers from a disability as defined in the ADA as amended and 28 CFR § 36.104.

21.     Because of Plaintiff's physical and mental disabilities, he attempted to enter the El Aguila Mexican Restaurant with Bucky.

22.     Bucky was clearly identified as a service dog by his harness and both Plaintiff and his spouse informed the El Aguila Mexican Restaurant staff that Bucky was a service dog.

23.     The El Aguila Mexican Restaurant staff refused to allow Plaintiff and Bucky to enter the restaurant.

24.     The El Aguila Mexican Restaurant refused to make a reasonable accommodation for Plaintiff's disabilities.

25.     Plaintiff and his spouse attempted to explain to the El Aguila Mexican Restaurant staff their legal obligation to permit Plaintiff and Bucky to enter the restaurant and for the restaurant to make reasonable accommodations to no avail.

26.     Instead of permitting entry and making a reasonable accommodation, the El Aguila Mexican Restaurant staff laughed at and insulted Plaintiff.

27.     The El Aguila Mexican Restaurant staff eventually offered to allow Plaintiff's spouse to order from the "to-go" menu, but continued to refuse to serve Plaintiff and Bucky.

28.     There was no legal, factual, or other basis to deny Plaintiff entry into the El Aguila Mexican Restaurant.

29.     All of the staff of the El Aguila Mexican Restaurant (as alleged herein) are agents and/or employees of the Defendants.

30.     Defendants are responsible for the actions of all of their agents and/or employees.

31.     At all times relevant herein, the staff of the El Aguila Mexican Restaurant were working at the direction of and the benefit of the Defendants.

32.     Defendants are vicariously liable for the actions of the staff of the El Aguila Mexican Resaurant.

33.     Defendants are responsible for the hiring, training, and retention of all the employees working at the El Aguila Mexican Restaurant on June 6, 2018.

34.     The El Aguila Mexican Restaurant owned, managed, and controlled by the Defendants is a public accommodation.

35.     Plaintiff had recently moved to Telfair County when he attempted to enter the El Aguila Mexican Restaurant.

36.     Plaintiff was embarrassed, frustrated, subjected to ridicule, and otherwise emotionally harmed by the denial of entry and reasonable accommodation alleged herein.

37.     Plaintiff experienced a worsening of his conditions because of the denial of entry and reasonable accommodation alleged herein.

38.     Plaintiff has and will continue to suffer stress, anxiety, and other emotional distress because of the actions of the Defendants and their agents or employees.

## Causes of Action

## Count I – Violations of Title III of the Americans with Disabilities Act

## 42 U.S.C. § 12182

39.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

40.     Defendants' restaurant is a public accommodation as defined by 42 U.S.C. § 12182.

41.     Defendants have failed to make reasonable modifications in its policies or procedures and has failed to make reasonable accommodations for disabled persons such as Plaintiff, which prevents an equal enjoyment of the goods, services, facilities, or privileges provided to Defendants' non-disabled customers.

42.     Defendants' failure to make reasonable modifications in policies or to make reasonable accommodations constitutes discrimination and is prohibited by the ADA as amended.

43.     Defendants could have made a reasonable accommodation under the circumstances by simply permitting Plaintiff and Bucky to enter the restaurant and not insult, ridicule, and deny him entry.

44.     The requested accommodation is required by 28 CFR § 36.302(c).

45.     Defendants were not in compliance with the ADA as amended at all times relevant herein. Defendants' non-compliance is the direct and proximate cause of Plaintiff's injuries.

46.     Plaintiff is entitled to relief pursuant to the ADA as amended including injunctive relief and his attorneys' fees.

## Count II – Failure to Accommodate Pursuant to Georgia Law

## O.C.G.A. § 30-4-2(a)

47.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

48.     Defendants' restaurant is a public accommodation as defined by O.C.G.A. § 30-4-2.

49.     Defendants' were required to permit Plaintiff and Bucky access to their restaurant at all times relevant herein.

50.     Defendants' refusal to permit Plaintiff and Bucky entry is in violation of O.C.G.A. § 30-4-2.

51.     There was no basis in law or in fact for Defendants' to deny Plaintiff and Bucky entry into their restaurant.

52.     Defendants' violations of O.C.G.A. § 30-4-2 are actionable under O.C.G.A. § 51-1-6.

53.   Defendants' violations of O.C.G.A. § 30-4-2 were the direct and proximate cause of Plaintiff's injuries.

54.   Plaintiff is entitled to damages for Defendants' non-compliance with O.C.G.A. § 30-4-2.

## Count III – Negligence

55.   Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

56.   Defendants owed a duty to Plaintiff at all times relevant herein. More particularly, Defendants had a legal duty to provide reasonable accommodations Plaintiff.

57.   Defendants breached said duty by refusing Plaintiff and Bucky entrance into their restaurant.

58.   Plaintiff suffered damages as a result of Defendants' refusal to accommodate Plaintiff.

59.   Defendants' breach was the direct and proximate cause of Plaintiff's injuries.

## Count IV - Negligence Per Se

60.   Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

61.     Defendants had a legal duty as set forth in the ADA as amended and O.C.G.A. § 30-4-2 to Plaintiff.

62.     Defendants breached this duty by failing to make a reasonable accommodation.

63.     Defendants were thus negligent per se.

64.     Plaintiff suffered damages as a result of Defendants' refusal to accommodate Plaintiff.

65.     Defendants' breach was the direct and proximate cause of Plaintiff's injuries.

## Count V - Intentional Infliction of Emotional Distress

66.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

67.     Defendants' refusal to follow well established federal and state law and provide Plaintiff an accommodation was intentional or reckless.

68.     Defendants' refusal to follow well established federal and state law and provide Plaintiff an accommodation was extreme and outrageous.

69.     Defendants' conduct caused Plaintiff emotional distress.

70.     Plaintiff's emotional distress was severe.

71.     Defendants' refusal to provide an accommodation and the manner in which Defendants' agents or employees treated Plaintiff was the direct and proximate cause of Plaintiff's emotional distress and injuries.

## Count VI – Vicarious Liability

72.     Plaintiff incorporates herein by reference all of the above paragraphs as though fully stated herein.

73.     At all times relevant herein the staff of El Aguila Mexican Restaurant were acting within the scope of their employment with the Defendants named herein. Pursuant to O.C.G.A. § 51-2-2 and principles of respondeat superior and agency, Defendants are liable for the actions of their agents and employees as alleged herein.

## Count VII - Punitive

74.     Plaintiff incorporates herein by reference all of the above paragraphs as though fully stated herein.

75.     The wrongful acts and omissions of each of the Defendants including their officers, agents, employees, representatives, and attorneys, showed willful misconduct, malice, fraud, wantonness, oppression and that entire want of care, which raises the presumption of conscious indifference to consequences and the rights and property of others.

76.     In addition, the wrongful acts and omissions of each of the Defendants, including their officers, agents, employees, and representatives were committed with specific intent to cause harm to Plaintiff, and succeeded in so doing.

77.     By reason of the foregoing, punitive damages should be imposed against the Defendants in an amount sufficient to punish, penalize and deter repetition of such wrongful conduct.

## **Demand for a Jury Trial**

78.     Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Injunctive relief pursuant to 42 U.S.C. § 12188(2) requiring Defendants to comply with federal law and provided disabled persons reasonable accommodations;

b) Actual, exemplary, and punitive damages in an amount to be determined by a jury;

c) Attorney's fees pursuant to 42 U.S. Code § 2000a-3(b);

d) Pre- and post-judgment interest, if applicable; and,

e) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted February 15, 2019.

<b>DANIELS LAW LLC</b>

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 1834
Perry, GA 31069
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com